Bobby Saadian, Esq. SBN: 250377
Colin M. Jones, Esq. SBN: 265628
Daniel B. Miller, Esq. SBN: 302503
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel:  (213) 381-9988
Fax: (213) 381-9989

Attorneys for Plaintiff SCOTT ABLES

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ABLES, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>BROOKS BROTHERS GROUP, INC., a Delaware corporation,<br><br>        Defendant. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. BREACH OF IMPLIED CONTRACT<br>2. NEGLIGENCE<br>3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 - UNLAWFUL BUSINESS PRACTICES<br>4. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 UNFAIR BUSINESS PRACTICES<br>5. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 FRAUDULENT/DECEPTIVE BUSINESS PRACTICES<br>6. CONSTITUTIONAL INVASION OF PRIVACY |

        Plaintiff, SCOTT ABLES ("Plaintiff"), by and through his counsel of record, brings this action on behalf of himself and all others similarly situated

against Brooks Brothers Group, Inc., a Delaware corporation with its principal place of business at 346 Madison Avenue, New York, NY 10017.  Plaintiff alleges the following on information and belief, except as to those allegations specific to Plaintiff, as follows:

## I.    NATURE OF THE ACTION

1.    Tens of thousands of customers every year shop at Brooks Brothers, known for their exquisite, high-quality suits.  Consumers expect the highest quality merchandise and services from Brooks Brothers. What consumers did not expect was that at 223 store locations, for a period of 11 months, customers' information was being collected by an unauthorized third party.  This is a data breach case.

2.    Plaintiff, individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this class action based on California law to secure redress of Brooks Brothers' reckless and negligent violation of its customers' privacy rights.  Plaintiff and Class Members are former Brooks Brothers customers who shopped at one of their 223 stores in the U.S. and Puerto Rico locations, during the period of April 4, 2016 to March 1, 2017.

3.    Plaintiff and Class Members suffered injury as a result of a security breach compromising Brooks Brothers store customers' name, credit and debit card account numbers, card expiration dates, card verification codes, which included personal identifying information.

4.    As a result of Defendant's wrongful actions and inactions, customer information was stolen from Brooks Brothers' point-of-sale network.  Many of Defendant's customers have had their personal financial information compromised, have had their privacy rights violated, have been exposed to the risk of fraud and identify theft, and have otherwise suffered damages.

///

///

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## II.    THE PARTIES

5.    Plaintiff Scott Ables is a California citizen residing in Los Angeles, California.

6.    Plaintiff brings this action on his own behalf and on behalf of all others similarly situated, namely all other individuals who have made a purchase at any of Brooks Brothers' 223 store locations during the period of April 4, 2016 to March 1, 2017.

7.    Defendant Brooks Brothers Group, Inc., is a Delaware corporation with its principal place of business in New York, New York.  Brooks Brothers may be served through its agent for service of process Corporation Service Company, 2710 Gateway Oaks Dr., Ste 150N, Sacramento, CA 95833.

## III.    JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class Members are citizens of a State different from the Defendant and, upon the original filing of this complaint, members of the putative Plaintiff class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

9.    The Court also has personal jurisdiction over the Parties because Defendant has conducted and continues to conduct substantial business in California, it is authorized to conduct business throughout the United States, including California; and it advertises in a variety of media throughout the United States, including California.  Via its business operations throughout the United States, Brooks Brothers intentionally avails itself of the markets within this state to render the exercise jurisdiction by this Court just and proper.

10.    Venue is appropriate because, among other things: (a) Plaintiff is a resident and citizen of this District; (b) the Defendant had its activities at residents in this District; (b) the acts and omissions that give rise to this Action

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

took place, among others, in this judicial district.

11.    Venue is further appropriate pursuant to 28 U.S.C. § 1391 because Defendant conducts a large amount of their business in this District, and Defendant has substantial relationships in this District.  Venue is also proper in this Court because a substantial part of the events and omissions giving rise to the harm of the Class Members occurred in this District.

## IV.    SUBSTANTIVE ALLEGATIONS

### A.    *The Brooks Brothers' Data Breach Unravels*

12.    On or around April 4, 2016, a Malware was installed at point-of-sale ("POS") systems at Brooks Brothers stores.  This affected 223 Brooks Brothers locations **disclosed by Defendant**.  This Malware was siphoning off customers' full name, card account number, expiration dates, and verification codes (hereafter as "Private Financial Information").

13.    Until around March 1, 2017, the Malware kept acquiring customers' Private Financial Information from the 223 Brooks Brothers' store locations.  *See* Incident locations, *available* at www.brooksbrothers.com/incident-locations.

14.    Not until May 12, 2017, over thirteen months after the data breach began, Brooks Brothers disclosed this breach on its website.  *See* May 12, 2017, Brooks Brothers Incident Message, *available* at http://www.brooksbrothers.com/data-incident/incident,default,pg.html[1] (attached hereto as Exhibit A); May 12, 2017, Brooks Brothers Breach Advisory statement, *available* at https://oag.ca.gov/system/files/Sample%20Notice_9.pdf? (attached hereto as Exhibit B).  In the May 12, 2017 Brooks Brothers Incident Message, Brooks Brothers admitted that the security breach included "name, payment card account number, card expiration date, and card verification code."  *Id.*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

---

[1] All cited websites were last visited on May 19, 2017.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

15.     However, the disclosure is not prominently placed on Brooks Brother's website.  Rather, Brooks Brothers inserted a small tab in the bottom left corner of the webpage titled "Data Incident."  This small tab that then links the visitor to a separate page is only visible if the viewer scrolls to the very end of the webpage.

16.     Upon information and belief, Brooks Brothers has taken no other efforts since discovering the security breach to inform customers that their personal identifying information was compromised.

**B.     *Stolen Information Is Valuable to Hackers and Thieves***

17.     It is well known, and the subject of many media reports, that payment card data is highly coveted and a frequent target of hackers.  Especially in the technology industry, the issue of data security and threats thereto, is well known.  Despite well-publicized litigation and frequent public announcements of data breaches by retailers, Brooks Brothers opted to maintain an insufficient and inadequate system to protect the payment information of Plaintiff and Class Members.

18.     Legitimate organizations and criminal underground alike recognize the value of payment information.  Otherwise, they would not aggressively seek or pay for it.  As previously seen in one of the world's largest breaches, hackers compromised the card holder data of 40 million customers.  *See* "Target: 40 million credit cards compromised," CNN Money, Dec. 19, 2013, *available* at http://money.cnn.com/2013/12/18/news/companies/target-credit-card/ (attached hereto as Exhibit C).

19.     Credit or debit card information is highly valuable to hackers.  Credit and debit card information that is stolen from the point of sale are known as "dumps."  *See* Krebs on Security April 16, 2016, Blog Post, *available at* https://krebsonsecurity.com/2016/04/all-about-fraud-how-crooks-get-the-cvv/ (attached hereto as Exhibit D).  Credit and debit card dumps can be sold in the

cyberoffice underground for a retail value of about "$20 apiece." *Id.* This information can also be used to clone a debit or credit card. *Id.*

**C.    The Data Breach Has and Will Result in Additional Identity Theft and Identity Fraud**

20.    Brooks Brothers failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

21.    The ramification of Brooks Brothers' failure to keep Plaintiff's and Class Members' data secure is severe.

22.    According to Javelin Strategy and Research, "one in every three people who is notified of being a potential fraud victim becomes one . . . with 46% of consumers who had cards breached becoming fraud victims that same year." "Someone Became an Identity Theft Victim Every 2 Seconds Last Year," Fox Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-year.html (attached hereto as Exhibit E).

23.    It is incorrect to assume that reimbursing a consumer for a financial loss due to fraud makes that individual whole again. On the contrary, after conducting a study, the Department of Justice's Bureau of Justice Statistics ("BJS") found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems." *See* "Victims of Identity Theft," U.S. Department of Justice, Dec 2013, *available at* https://www.bjs.gov/content/pub/pdf/vit12.pdf (attached hereto as Exhibit F). In fact, the BJS reported, "resolving the problems caused by identity theft [could] take more than a year for some victims." *Id*. at 11.

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

*D.      Annual Monetary Losses from Identity Theft are in the Billions of Dollars*

24.      Javelin Strategy and Research reports that those losses increased to $21 billion in 2013.  *See* 2013 Identity Fraud Report (attached hereto as Exhibit G). There may be a time lag between when harm occurs and when it is discovered, and also between when personal identifiable information is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.  GAO, Report to Congressional Requesters, at 33 (June 2007), *available* at http://www.gao.gov/new.items/d07737.pdf (attached hereto as Exhibit H)

25.      Plaintiff and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur such damages in addition to any fraudulent credit and debit card charges incurred by them and the resulting loss of use of their credit and access to funds, whether or not such charges are ultimately reimbursed by the credit card companies.

*E.      Plaintiff and Class Members Suffered Damages*

26.      The data breach was a direct and proximate result of Brooks Brothers' failure to properly safeguard and protect Plaintiff's and Class Members' Private Financial Information from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and the common law, including Brooks Brothers' failure to establish and implement appropriate administrative, technical, and physical safeguards to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

ensure the security and confidentiality of Plaintiff's and Class Members' Private Financial Information to protect against reasonably foreseeable threats to the security or integrity of such information.

27.     Plaintiff and Class Members' Private Financial Information is private and sensitive in nature and was inadequately protected by Brooks Brothers.  Brooks Brothers did not obtain Plaintiff's and Class Members' consent to disclose their Private Financial Information, except to certain persons not relevant to this action, as required by applicable law and industry standards.

28.     As a direct and proximate result of Brooks Brothers' wrongful action and inaction and the resulting data breach, Plaintiff and Class Members have been placed at an imminent, immediate, and continuing increased risk of harm from identity theft and identity fraud, requiring them to take the time and effort to mitigate the actual and potential impact of the subject data breach on their lives by, among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity.

29.     Specifically, Plaintiff has been shopping at Brooks Brothers for years, and during and after the breach, Plaintiff had several fraudulent charges to credit and debit cards used at Brooks Brothers' stores.  Moreover, Plaintiff had to spend time and effort to cancel every debit and credit card used at Brooks Brothers' stores, and Plaintiff has to constantly monitor his accounts due to the risk of fraudulent and identity theft.

30.     Brooks Brothers wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's and Class Members' Private Financial Information, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

a. Theft of their personal and financial information;

b. The imminent and certainly impending injury flowing from potential fraud and identify theft posed by their personal information being placed in the hands of criminals and already misused via the sale of Plaintiff's and Class Members' information on the Internet black market;

c. The untimely and inadequate notification of the data breach;

d. The improper disclosure of their Private Financial Information;

e. Loss of privacy;

f. Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach;

g. Ascertainable losses in the form of deprivation of the value of their PII, for which there is a well-established national and international market;

h. Overpayments to Brooks Brothers for products purchased during the subject data breach in that a portion of the price paid for such products by Plaintiff and Class Members to Brooks Brothers was for the costs of reasonable and adequate safeguards and security measures that would protect customers' Private Financial Information, which Brooks Brothers did not implement and, as a result, Plaintiff and Class Members did not receive what they paid for and were overcharged by Brooks Brothers; and

i. Deprivation of rights they possess under the California Unfair Competition Law (Cal. Bus. & Prof. Code §17200).

## V.    CLASS ACTION ALLEGATIONS

31.    Plaintiff brings this action on his own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4), Plaintiff seeks certification of a Nationwide class and a California class.  The nationwide class is initially defined as follows:

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

All persons residing in the United States whose personal financial information was disclosed in the data breach in 2016-2017 (the "Nationwide Class").

The California class is initially defined as follows:

All persons residing in California whose personal financial information was disclosed in the data breach in 2016-2017 (the "California Class").

32.    Excluded from each of the above Classes are Brooks Brothers, including any entity in which Brooks Brothers has a controlling interest, is a parent or subsidiary, or which is controlled by Brooks Brothers, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Brooks Brothers. Also excluded are the judges and court personnel in this case and any members of their immediate families.  Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

33.    *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Classes are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiff at this time, Brooks Brothers has acknowledged that customers' Private Financial Information was siphoned for a period of almost a year in 223 Brooks Brothers stores.  The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

34.    *Commonality*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

a.   Whether Brooks Brothers owed a duty of care to Plaintiff and Class Members with respect to the security of their personal information;

b.   Whether Brooks Brothers took reasonable steps and measures to safeguard Plaintiff's and Class Members' personal information;

c.   Whether Brooks Brothers violated the California's Unfair Competition Law by failing to implement reasonable security procedures and practices;

d.   Whether Brooks Brothers violated common and statutory law by failing to promptly notify Class Members their Private Financial Information had been compromised;

e.   Which security procedures and which data-breach notification procedure should Brooks Brothers be required to implement as part of any injunctive relief ordered by the Court;

f.   Whether Brooks Brothers has an implied contractual obligation to use reasonable security measures;

g.   Whether Brooks Brothers has complied with any implied contractual obligation to use reasonable security measures;

h.   Whether Brooks Brothers' acts and omissions described herein give rise to a claim of negligence;

i.   Whether Brooks Brothers knew or should have known of the security breach prior to its May 2017 disclosure;

j.   Whether Brooks Brothers had a duty to promptly notify Plaintiff and Class Members that their personal information was, or potentially could be, compromised;

k.   What security measures, if any, must be implemented by Brooks Brothers to comply with its implied contractual obligations;

l.   Whether Brooks Brothers violated California's privacy laws in connection with the acts and omissions described herein; and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

m.    What the nature of the relief should be, including equitable relief, to which Plaintiff and the Class Members are entitled.

35.    *Typicality*. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those of other Class Members because Plaintiff's Private Financial Information, like that of every other Class Member, was misused and/or disclosed by Brooks Brothers.

36.    *Adequacy of Representation*. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained competent counsel experienced in litigation of class actions, including consumer and data breach class actions, and Plaintiff intends to prosecute this action vigorously.  Plaintiff's claims are typical of the claims of other members of the Class and Plaintiff have the same non-conflicting interests as the other Members of the Class. The interests of the Class would be fairly and adequately represented by Plaintiff and their counsel.

37.    *Superiority of Class Action*. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

38.    Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Brooks Brothers' violations of law inflicting substantial damages in the aggregate would go un-remedied.

39.    Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Brooks Brothers has acted or has refused to act on grounds generally applicable to the Classes, so that final injunctive relief or corresponding

declaratory relief is appropriate as to the Classes as a whole.

## COUNT I

### Breach of Implied Contract

(On Behalf of Plaintiff and the Nationwide and California Classes)

40.    Plaintiff incorporates the substantive allegations contained in each and every paragraph of this Complaint.

41.    Brooks Brothers solicited and invited Plaintiff and the members of the Class to buy its retail merchandise.  Plaintiff and Class Members accepted Brooks Brothers' offers and bought Brooks Brothers' retail merchandise.

42.    When Plaintiff and Class Members purchased Brooks Brothers' retail merchandise, they provided their Private Financial Information.  In so doing, Plaintiff and Class Members entered into implied contracts with Brooks Brothers pursuant to which Brooks Brothers agreed to safeguard and protect such information and to timely and accurately notify Plaintiff and Class Members if their data had been breached and compromised.

43.    Each purchase of Brooks Brothers' retail merchandise by Plaintiff and Class Members was made pursuant to the mutually agreed-upon implied contract with Brooks Brothers under which Brooks Brothers agreed to safeguard and protect Plaintiff's and Class Members' Private Financial Information and to timely and accurately notify them if such information was compromised or stolen.

44.    Plaintiff and Class Members would not have provided and entrusted their Private Financial Information to Brooks Brothers in the absence of the implied contract between them and Brooks Brothers.

45.    Plaintiff and Class Members fully performed their obligations under the implied contracts with Brooks Brothers.

46.    Brooks Brothers breached the implied contracts it made with Plaintiff and Class Members by failing to safeguard and protect the Private

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Financial Information of Plaintiff and Class Members and by failing to provide timely and accurate notice to them that their Private Financial Information was compromised as a result of the data breach.

47.     As a direct and proximate result of Brooks Brothers' breaches of the implied contracts between Brooks Brothers and Plaintiff and Class Members, Plaintiff and Class Members sustained actual losses and damages as described in detail above.

## COUNT II

### Negligence

(On Behalf of Plaintiff and the Nationwide and California Classes)

48.     Plaintiff repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

49.     Upon accepting Plaintiff's and Class Members' Private Financial Information in their respective point-of-sale systems, Brooks Brothers undertook and owed a duty to Plaintiff and Class Members to exercise reasonable care to secure and safeguard that information from being compromised, lost, stolen, misused, and or/disclosed to unauthorized parties, and to utilize commercially reasonable methods to do so.  This duty included, among other things, designing, maintaining, and testing Brooks Brothers security systems to ensure that Plaintiff's and the Class Members' Private Financial Information was adequately secured and protected.

50.     Brooks Brothers further had a duty to implement processes that would detect a breach of its security system in a timely manner.

51.     Brooks Brothers had a duty to timely disclose to Plaintiff and Class Members that their Private Financial Information had been or was reasonably believed to have been compromised.  Timely disclosure was appropriate so that, among other things, Plaintiff and Class Members could take appropriate measures to avoid use of bank funds, and monitor their account information and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

credit reports for fraudulent activity.

52.    Brooks Brothers breached its duty to discover and to notify Plaintiff and Class Members of the unauthorized access by failing to discover the security breach within reasonable time and by failing to notify Plaintiff and Class Members of the breach until May 2017.  To date, Brooks Brothers has not provided sufficient information to Plaintiff and Class Members regarding the extent and scope of the unauthorized access and continues to breach its disclosure obligations to Plaintiff and the Class.

53.    Brooks Brothers also breached its duty to Plaintiff and Class Members to adequately protect and safeguard this information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured Private Financial Information.  Furthering its negligent practices, Brooks Brothers failed to provide adequate supervision and oversight of the Private Financial Information with which it is entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted a third party to gather Plaintiff's and Class Members' Private Financial Information, misuse the Private Financial Information, and intentionally disclose it to others without consent.

54.    Through Brooks Brothers' acts and omissions described in this Complaint, including Brooks Brothers' failure to provide adequate security and its failure to protect Plaintiff's and Class Members' Private Financial Information from being foreseeably captured, accessed, disseminated, stolen, and misused, Brooks Brothers unlawfully breached its duty to use reasonable care to adequately protect and secure Plaintiff and Class Members' Private Financial Information during the time it was within Brooks Brothers' control.

55.    Further, through its failure to timely discover and provide clear notification of the data breach to consumers, Brooks Brothers prevented Plaintiff and Class Members from taking meaningful, proactive steps to secure their

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Private Financial Information.

56.     Upon information and belief, Brooks Brothers improperly and inadequately safeguarded the Private Financial Information of Plaintiff and Class Members in deviation from standard industry rules, regulations, and practices at the time of the data breach.

57.     Brooks Brothers' failure to take proper security measures to protect Plaintiff and Class Members' sensitive Private Financial Information as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of Plaintiff's and Class Members' Private Financial Information.

58.     Brooks Brothers' conduct was grossly negligent and departed from all reasonable standards of care, including, but not limited to: failing to adequately protect the Private Financial Information; failing to conduct adequate regular security audits; failing to provide adequate and appropriate supervision of persons having access to Plaintiff's and Class Members' Private Financial Information.

59.     Neither Plaintiff nor the other Class Members contributed to the data breach and subsequent misuse of their Private Financial Information as described in this Complaint.  As a direct and proximate result of Brooks Brothers' negligence, Plaintiff and Class Members sustained actual losses and damages as described in detail above.

## COUNT III

## Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 Unlawful Business Practices

(On Behalf of the Nationwide Class and the California Class)

60.     Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

61.     Brooks Brothers has violated Cal. Bus. and Prof. Code §17200 et

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

16

seq. by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200. Brooks Brothers engaged in unlawful acts and practices with respect to its services by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiff's and Class Members' Private Financial Information with knowledge that the information would not be adequately protected; and by gathering Plaintiff's and Class Members' Private Financial Information in an unsecure electronic environment in violation of California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Brooks Brothers to take reasonable methods of safeguarding the Private Financial Information of Plaintiff and the Class Members.

62.    In addition, Brooks Brothers engaged in unlawful acts and practices with respect to its services by failing to discover and then disclose the data breach to Plaintiff and Class Members in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82. To date, Brooks Brothers has still not provided such sufficient information to Plaintiff and the Class Members.

63.    As a direct and proximate result of Brooks Brothers unlawful acts and practices, Plaintiff and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their Private Financial Information, and additional losses described above.

64.    Brooks Brothers knew or should have known that its point-of-sale systems and data security practices were inadequate to safeguard Class Members' Private Financial Information and that the risk of a data breach or theft was highly likely. Brooks Brothers' actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Class Members.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

65.     Plaintiff and the members of the Classes seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq*., including, but not limited to, restitution to Plaintiff and Class Members of money or property that Brooks Brothers may have acquired by means of its unlawful, and unfair business practices, restitutionary disgorgement of all profits accruing to Brooks Brothers because of its unlawful and unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## COUNT IV

### Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Unfair Business Practices

(On Behalf of the Nationwide Class and the California Class)

66.     Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

67.     Brooks Brothers engaged in unfair acts and practices by soliciting and collecting Plaintiff's and Class Members' Private Financial Information with knowledge that the information would not be adequately protected; while Plaintiff's and the Class Members' Private Financial Information would be processed in an unsecure electronic environment.  These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class Members.  They were likely to deceive the public into believing their Private Financial Information was secure, when it was not.  The harm these practices caused to Plaintiff and the members of the Class outweighed their utility, if any.

68.     Brooks Brothers engaged in unfair acts and practices with respect to the provision of its services by failing to enact adequate privacy and security measures and protect Class Members' Private Financial Information from further unauthorized disclosure, release, data breaches, and theft, and failing to timely

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

discovery and give notice of the Data Breach.  These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class Members. They were likely to deceive the public into believing their Private Financial Information was secure, when it was not.  The harm these practices caused to Plaintiff and the Class Members outweighed their utility, if any.

69.    As a direct and proximate result of Brooks Brothers' acts of unfair practices and acts, Plaintiff and the members of the Class were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their Private Financial Information, and additional losses described above.

70.    Brooks Brothers knew or should have known that its point-of-sale systems and data security practices were inadequate to safeguard Class Members' Private Financial Information and that the risk of a data breach or theft was highly likely. Brooks Brothers' actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the Class Members.

71.    The members of the Class seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq*., including, but not limited to, restitution to Plaintiff and Class Members of money or property that the Brooks Brothers may have acquired by means of its unfair business practices, restitutionary disgorgement of all profits accruing to Brooks Brothers because of its unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

## COUNT V

### Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Fraudulent/Deceptive Business Practices

(On Behalf of the Nationwide Class and California Class)

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

72.     Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

73.     Brooks Brothers' engaged in fraudulent and deceptive acts and practices by representing and advertising that it would maintain adequate data privacy and security practices and procedures to safeguard the Class Members' Private Financial Information from unauthorized disclosure, release, data breaches, and theft; and representing and advertising that it did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of the members of the Class' Private Financial Information. These representations were likely to deceive members of the public, including Plaintiff and Class Members, into believing their Private Financial Information was securely stored, when it was not, and that Brooks Brothers' was complying with relevant law, when it was not.

74.     Brooks Brothers' engaged in fraudulent and deceptive acts and practices by omitting, suppressing, and concealing the material fact of the inadequacy of the privacy and security protections for Class Members' Private Financial Information.  At the time that Class Members were purchasing Brooks Brothers' retail merchandise, Brooks Brothers failed to disclose to Class Members that its data security systems failed to meet legal and industry standards for the protection of their Private Financial Information.  Plaintiff would not have purchased from Brooks Brothers if he had known about its substandard data security practices.  These representations were likely to deceive members of the public, including Plaintiff and the Class Members, into believing their Private Financial Information was secure, when it was not, and that Brooks Brothers was complying with relevant law and industry standards, when it was not.

75.     As a direct and proximate result of Brooks Brothers' deceptive practices and acts, Plaintiff and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

in the confidentiality and privacy of their Private Financial Information, and additional losses described above.

76.     Brooks Brothers knew or should have known that its point-of-sale systems and data security practices were inadequate to safeguard Class Members' Private Financial Information and that the risk of a data breach or theft was highly likely.  Brooks Brothers' actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Class Members.

77.     Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*, including, but not limited to, restitution to Plaintiff and Class Members of money or property that Brooks Brothers may have acquired by means of its fraudulent and deceptive business practices, restitutionary disgorgement of all profits accruing to Brooks Brothers because of its fraudulent and deceptive business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

## COUNT VI

## Constitutional Invasion of Privacy

(On Behalf of the Nationwide Class and California Class)

78.     Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

79.     Cal. Const., Art. 1., section 1 provides that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

80.     Plaintiff and Class members had a legally protected privacy interest in the Private Financial Information provided to Brooks Brothers.

81.     Plaintiff and Class Members had a reasonable expectation of privacy as to the Private Financial Information they provided to Brooks Brothers under

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

the circumstances of their purchases.

82.    Brooks Brothers' actions and inactions amounted to a serious invasion of the protected privacy interests of Plaintiff and Class Members.

83.    Brooks Brothers' invasion of Plaintiff and Class Members' reasonable expectation of privacy caused Plaintiff and Class members to suffer damages.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Class Members proposed in this Complaint, respectfully requests that the Court enter judgment in his favor and against Brooks Brothers as follows:

A.    For an Order certifying the Nationwide Class and California Class as defined here, and appointing Plaintiff and his Counsel to represent the

Nationwide Class and the California Class;

B.    For equitable relief enjoining Brooks Brothers from engaging in the wrongful conduct complained of here pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' Private Financial Information, and from refusing to issue prompt, complete, and accurate disclosures to the Plaintiff and Class Members;

C.    For equitable relief compelling Brooks Brothers to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety and to disclose with specificity to Class Members the type of Personal Financial Information compromised.

D.    For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Brooks Brothers' wrongful conduct;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

E.    For an award of actual damages and compensatory damages, in an amount to be determined;

F.    For an award of costs of suit and attorneys' fees, as allowable by law;

and

G.    Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Based on the foregoing, Plaintiff, on behalf of themselves, and all others similarly situated, hereby demand a jury trial for all claims so triable.

Dated: June 9, 2017                                Respectfully Submitted,


_____
Colin M. Jones, Esq. (SBN: 250377)
Attorneys for Plaintiffs

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL